# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Jewell Evette Jones, et al., | : | Case No. 3:18-cv-00037 |
| Plaintiffs, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| Montgomery County Dept. Of Job And Family Services – Children Services Division, et al., | : | |
| Defendants. | : | |

## DECISION AND ENTRY

The *pro se* Complaint presently before the Court names as Plaintiffs Jewell Evette Jones and Edward Levi Jones. They both reside in Dayton, Ohio. The Complaint asserts claims under 42 U.S.C. §§ 1981a, 1983, and state law. The Complaint alleges, in part, that Defendant Montgomery County Department of Job and Family Services (MCJFS) and various individuals intentionally discriminated against her during her employment with MCJFS.

The Court previously granted Plaintiff Jewel Evette Jones's (Plaintiff's) Application to Proceed *in Forma Pauperis* under 28 U.S.C. § 1915. Edward Levi Jones did not file a similar application and has not signed the Complaint.

The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28

U.S.C. § 1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923. The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

Accepting Plaintiff's factual allegations as true and construing her *pro se* Complaint liberally in her favor reveals that she raises sufficient allegations to avoid *sua sponte* dismissal. She does not raise delusional or irrational factual allegations, and her facts are sufficiently specific to raise at least an arguable legal claim.

Accordingly, Plaintiff's Complaint is not subject to dismissal under 28 U.S.C. §§ 1915(e)(2).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal's Office is ORDERED to effect service upon Defendant, under Fed. R. Civ. P. 4(c)(3), once it receives the required forms from the Clerk of Court. All costs of service shall be advanced by the United States.

2. Plaintiff must serve each named Defendant—or his or her attorney in the event the attorney's appearance is entered in the record—with a copy of every document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and a true and correct copy of any document mailed to the Defendants or their attorneys. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff must inform the Clerk of Court promptly of any changes of address she has during the pendency of this lawsuit. Failure to do so may result in dismissal of this case for failure to prosecute.

February 16, 2018         *s/Sharon L. Ovington*
                          Sharon L. Ovington
                          United States Magistrate Judge